# Richmond.

## GRANITE BUILDING COMPANY v. SAVILLE'S ADMINISTRATOR AND OTHERS.

### February 5, 1903.

1. EQUITY PRACTICE—*General Demurrer—Assignment of Grounds.*—A general demurrer to a bill by a defendant who has not been required to state the grounds of his demurrer may be sustained by the court upon any valid ground, although such ground had not been suggested by the defendant, and others had been.

2. INDEMNITY BONDS—*Notice of Claim Under—Limitation of Action On.*—A clause in an indemnity bond limiting the right to make a claim thereunder against the surety therein to six months after the death of the principal is reasonable and valid, and will be sustained, and is not affected by another clause in the bond limiting the time within which suit may be brought to twelve months after the discovery of fraud or dishonesty. One clause refers to the intention to assert a claim, and the other to an actual suit to enforce a claim.

3. INDEMNITY BOND—*Sufficiency of Notice of Claim.*—A letter to a surety in an indemnity bond that the principal is dead, and that the books and accounts kept by him are being examined, and that a report of the result will be made as soon as such examination is completed, is not notice of a claim of liability under the bond.

4. INDEMNITY BONDS—*Failure to Give Notice of Claim—Complicated Accounts.*—The fact that accounts are complicated, and a settlement difficult to make, will not excuse the non-compliance with a clear and explicit provision in an indemnity bond that the right to make a claim thereunder shall cease at the end of six months from the death of the principal in said bond. There is no rule of law or consideration of policy that should induce a court to refuse to give effect to a stipulation of this kind, which is reasonable in itself, and founded on a valuable consideration.

5. INDEMNITY BONDS—*Construction.*—If it be conceded that the contracts of fidelity companies should be construed as insurance contracts, and taken most strongly against the company issuing them,

still, where they are clear and unambiguous, the principle invoked cannot be availed of to refine away the terms of a contract deliberately made, and expressed with sufficient clearness to convey the plain meaning of the parties.

6. CONTRACTS—*Condition Precedent—Averment of Performance—Excusing Performance.*—Where an act is required to be done by one party as a condition precedent to his right to claim performance upon the part of the other, he cannot claim such performance without averring the doing of such act, or giving some sufficient excuse for its non-performance.

Appeal from a decree of the Law and Equity Court of the city of Richmond, pronounced December 31, 1901, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed in part.*

The opinion states the case.

*Guy & Guy* and *A. W. Patterson,* for the appellant.

*W. O. Skelton* and *Sol. Cutchins,* for the appellees.

HARRISON, J., delivered the opinion of the court.

George E. Saville, now deceased, was an employee of the appellant company, charged with the duty of keeping its books, collecting all money coming to the company, looking after deposits, and disbursing its funds according to the rules of the company. To indemnify and save harmless the appellant against any malfeasance in office on his part, he executed and delivered to the appellant a bond in the penalty of $2,000, conditioned for the faithful performance of his duties, with the American Bonding and Trust Company as his surety.

The bill in this case was filed by the appellant, the Granite Building Company, against the administrator of George E. Saville, deceased, and the American Bonding and Trust Company. Its object was twofold. First, to establish and enforce a claim, alleged to be for some $3,000, against the estate of

George E. Saville, deceased; and second, to hold the American Bonding and Trust Company responsible as insurer of said Saville's fidelity, to the extent of its bond, if such á recourse should prove necessary.

The bill was taken for confessed as to Saville's administrator, and a general demurrer was filed by the appellee, the American Bonding and Trust Company. The court sustained the demurrer, and dismissed the bill upon the following ground set forth in its decree: "The court being of opinion that section 7 of the bond filed with the bill as Exhibit A is a part of the contract between the parties, which they had a right to make, and the language is plain and emphatic, and that there is no ambiguity in it, or between it and the other provisions of the said bond, that the court is not justified in reading it out of the contract, and that the parties must be bound by it."

Clause 7 of the contract referred to in this decree is as follows: "In the event of the death, or dismissal, or retirement of the employee from the service of the employer, or the cancellation of this bond during the said term, the right to make a claim thereunder shall cease at the end of six months from such death, dismissal, retirement, or cancellation." The point is made in the petition for appeal that the court dismissed the bill upon a ground not raised by the demurrer. The defendant was not required to assign grounds of demurrer. It is true the defendant voluntarily suggested several grounds upon which it thought the demurrer should be sustained, but the demurrer was general, and went to the foundation of the whole bill. It was, therefore, competent for the court to sustain the demurrer upon any valid ground, although such ground had not been suggested by the defendant. It appears, however, that the ground upon which the demurrer was sustained, though not clearly expressed, was substantially suggested by the defendant. The real question presented by the demurrer and raised by this appeal is this: Was the case stated in the bill

one that imposed any liability upon the American Bonding and Trust Company under the terms of its contract with the appellant?

. The following allegation of the bill is relied on as sufficient to support the contention that a claim was made within six months, as required by clause 7. "Your orator further shows that, on or about the      day of November, 1900, the said George E. Saville departed this life, and that your orator, through its then president, Mr. John W. Gordon, promptly, to-wit: on November 16th, 1900, notified the said surety company of such demise; adding in the same letter a statement that the books and accounts of the company were then being examined, and that a report of the result would be made as soon as such examination could be completed." Clause 7 provides that in the event of the death of the employee, the right to make a claim thereunder shall cease at the end of six months from such death. The letter which the bill alleges was written is silent upon the question of any claim against the surety company. It merely informs the company that the employee was dead, and adds that the books and accounts of the company were being examined, and that a report of the result would be made as soon as such examination was completed. Nothing further was heard from the appellant on the subject until after the six months had expired, and if the Surety Company gave the matter any further thought, it might well have presumed that as no other communication was had there was no claim to assert. The letter alleged in the bill was not sufficient, in contemplation of the contract set forth in clause 7, to put the defendant company upon notice that a claim was thereby asserted, or was to be asserted; and the further statement of the bill, that "an employer cannot be expected to take the risk of reporting a defalcation upon mere suspicion, and that the law does not require or allow such action," would indicate that the

letter was not intended at the time as an assertion of claim, and that appellant did not then know that it had a claim.

It is further insisted that the lower court has fallen into error by confounding clause 13 with clause 7 of the contract; that under clause 13 the employer was allowed, not six months from the death of the employee, but twelve months from the discovery of the fraud within which to bring suit; and that the bill was filed within the period thus prescribed. We are unable to discover any conflict between clause 7 and clause 13, or any other part of the contract. It is of the utmost importance, for reasons apparent, that the Guarantee Company should have notice within a reasonable time, after the death of the employee, that the employer intends to make a claim against it. The purpose of clause 7 was in part to meet that necessity.

Clause 13 is as follows: "That no suit or proceeding at law or in equity shall be brought, or arbitration required, to recover any amount hereby insured, unless the same is commenced, and the process served, within the term of twelve months next after the first discovery of any such fraud or dishonesty." This section provides for the time within which suit shall be brought to enforce a claim. Section 7 provides for the time within which the company shall have notice that there is a claim. If the notice of the claim had been given within six months from the date of the death of the employee, then the employer would have had twelve months from the time of the discovery of the fraud in which to bring its suit. No notice having been given, as required by clause 7, that there was a claim, then according to the express terms thereof the right to make a claim ceased, and there was nothing to bring suit for within the time prescribed by section 13.

It is further contended on behalf of appellant that the dealings of building fund companies are peculiarly complicated, and the accounts easily mystified and confused, so that much time is required for a proper report in such cases. That, as al-

leged, its books were placed in the hands of an expert accountant, who entered upon his work at once, but was delayed by an attack of fever, which made it necessary to suspend the work until a return of sufficient health and strength enabled him to take it up again; that this circumstance and the complicated nature of the accounts made it impossible to reach a definite conclusion within the six months prescribed, in which a claim had to be made; and that inasmuch as the delay in discovering the fraud, and giving the required notice was unavoidable, the limitation period did not begin to run until, with reasonable diligence, the discovery could be made; that although at law appellant might be precluded from recovering by the letter of its contract, yet equity does not consider time of the essence of the contract under such circumstances, or as operating to forfeit the indemnity thereby insured. This view cannot be sustained. The contract was clear and explicit that unless the claim was made in six months from the death of the employee the right to make it should cease. This was a reasonable provision. It is a condition rightfully imposed, fully accepted, and made a part of the contract, and unless it is complied with the employer cannot recover. It is for the interest of the *insurance* companies and the public that the exact condition and the precise extent of the liabilities of these companies should be known. That such may be the case, it is necessary that losses should be speedily adjusted and paid. Six months would seem to be enough; a reasonable time to enable the party sustaining the loss to make the claim. It is a covenant upon good consideration. Such an agreement is part of the contract, and there is no general rule of law or consideration of policy that we are aware of that should induce a court to refuse to give effect to a stipulation of this kind. *Peoria Ins. Co.* v. *Whitehill*, 25 Ill. 466.

It is further contended that the contracts of these bonding companies are not to be construed by the liberal principles of

suretyship, but rather by the more exacting law of insurance. That under the influence of this doctrine, such indemnity bonds or policies are taken strictly against the company issuing the same; that forfeitures are not favored, and that a reasonable compliance with their terms is sufficient.

These fidelity companies, though of recent origin, have rapidly gained in favor with the public, and are being fast substituted by the courts and the public generally in the place of individuals as security. Conceding that their contracts should be construed as insurance contracts, and taken most strongly against the company issuing them; still, where they are clear and unambiguous the principle invoked cannot be availed of to refine away the terms of a contract deliberately entered into, and expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements, compliance with which is made the condition to liability thereon. *Guarantee Co.* v. *Mechanics, &c. Co.*, 183 U. S. 402, 46 L. Ed. 253; *Northern Assurance Co.* v. *Building Association*, 183 U. S. 308, 46 L. Ed. 313; *Riddlesbarger* v. *Ins. Co.*, 7 Wall. 390, 19 L. Ed. 257; *Ermentrout* v. *Ins. Co.*, 63 Minn. 305, 65 N. W. 635, 30 L. R. A. 346, 56 Am. St. Rep. 481; *Quinlan* v. *Ins. Co.*, 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645; *Insurance Co.* v. *McGookey*, 33 Ohio St. 555; *Insurance Co.* v. *Oil Co.*, 31 Pa. St. 448; *Savings Bank* v. *Surety Co.*, 87 Fed. Rep. 118.

The general rule is that where an act is to be done by one party as a condition precedent to his right to claim performance upon the part of the other, he cannot claim such performance without averring the doing of such act or giving some sufficient excuse for its non-performance. *Metropolitan Life Insurance Co.* v. *Rutherford*, 95 Va. 773, 30 S. E. 383. See also *Lynchburg Fire Ins. Co.* v. *West*, 76 Va. 575, 44 Am. Rep. 177; *Va. F. & M. Ins. Co.* v. *Morgan*, 90 Va. 290, 18 S. E. 191; *Home Ins. Co.* v. *Sibert*, 96 Va. 403, 31 S. E. 519.

The case of *Savings Bank* v. *Surety Co., supra,* is directly in point. It was an action by the California Savings Bank against the American Surety Company on a contract of indemnity insurance. The case was heard on a demurrer to the amended complaint, and the court held that a clause practically like clause 7, under consideration, was a material stipulation, and a condition precedent to recovery on the contract. The court saying that in fidelity insurance, notice of fraudulent acts of the employee is of equal, if not greater, importance than in cases of fire insurance for the reason that prompt notification may often enable the insurer to avoid, or secure indemnity for losses which would otherwise be inevitable, or irremediable.

In the case of *Guarantee Co.* v. *Mechanics, &c. Co., supra,* a bond was given insuring a bank against loss by reason of the fraudulent acts of its teller. The bond contained a provision that the bank would notify the insurance company, if it became aware that the teller was engaging in speculation. The Supreme Court held that it was the duty of the bank to give the notice, when informed that the teller was speculating, although, while confessing the fact of speculating, the teller asserted that he had ceased to do so. The Chief Justice, delivering the opinion, says that the defence of the Guarantee Company did not rest on the duty of diligence growing out of the relation of the parties, but on the breach of one of the conditions of the stipulations entered into between them. The question was not merely whether the conduct of the bank was contrary to the nature of the contract, but whether it was not contrary to its terms. The conclusion was that the failure of the bank to give the notice defeated a recovery on the bond.

The parties to the bond in the case at bar have made a lawful contract. The condition called in question is reasonable and most material, and there is no reason in law or equity why the terms of the contract should not be fulfilled. As said by a learned judge: "It is one of the most important rights of a

free people, that they are allowed to institute and define by contract the most of the business relations arising among them; and that, the substance of their contracts being lawful, the details and forms of them are dictated by themselves, and then they are enforced by law according to their intention. This right is considered sufficiently sacred to be protected by the constitution which forbids any law to be made impairing contracts." *Insurance Company* v. *Phoenix Oil Co.*, 31 Pa. St. 448.

For these reasons the action of the lower court in sustaining the demurrer and dismissing the bill as to the defendant, the American Bonding and Trust Company, must be affirmed. It was, however, clearly error to dismiss the bill as to the defendant, the administrator of George E. Saville, deceased. The relief sought against the estate of the deceased employee should have been granted; and for this error the decree appealed from must be reversed and the cause remanded for further proceedings.

*Reversed in part.*