13171

### CHICORA BANK v. UNITED STATES FIDELITY & GUARANTY CO.

(159 S. E., 455)

*Messrs. Allen & Doyle,* for appellant,

*Messrs. Watkins & Prince,* for respondent,

June 10, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action commenced February 26, 1930, upon a fidelity bond issued on July 16, 1923, purporting to indemnify the bank from loss sustained by the fraud or dishonesty of any employee, amounting to larceny or embezzlement. The term of the bond was one year, July 16, 1923, to July 16, 1924; it expired on the last date mentioned by its limitation, and was not renewed. It covered, among

other employees, Thomas J. Crane, cashier, to the extent of $10,000.00.

Pending the life of the bond, on February 27, 1924, the bank sustained a loss, by reason of the fraud and dishonesty of Crane, amounting to theft, of $3,305.30, as of February 1, 1924; it was not discovered until November 20, 1929; formal notice and claim were made within a few days. The guaranty company refused to pay the loss, alleging, as will be explained, that under the terms of the bond there was no liability.

The bond provides that the indemnity shall be made good, in consideration of the premium and "subject to the conditions and provisions herein contained, which shall be conditions precedent to the right of the employer to recover under this bond * * * *which said loss shall be discovered during such term or within six months 'thereafter.* * * *"*

The appeal turns upon a solution of the question whether the capitalized clause constitutes a condition upon which the plaintiff's right to recover depends.

. The case was tried at October term, 1930, by his Honor, Judge Mann, without a jury, upon the pleadings and an agreed statement of facts, substantially as set forth above. He filed an order dated October 18, 1930, rendering judgment in favor of the bank for $3,305.30 with interest at 7 per cent. per annum from February 1, 1930, aggregating $3,471.11, as of the date of the order. He interpreted the clause above italicized as designating simply a duty to be performed by the bank, rather than a condition upon the performance of which liability upon the guaranty company attached; and that the company was not entitled to immunity unless it showed that it had suffered loss or injury by reason of the bank's failure to perform that duty. His conclusions were thus expressed: "I conclude and so hold that this bond covered losses sustained by the bank by reason of the fraud and dishonesty of its cashier, Thomas J.

Crane, amounting to larceny or embezzlement, and occurring between July 16, 1923, and July 16, 1924, and that one of the duties imposed by the bond upon the employer was to discover such loss during the term of the bond or within six months thereafter. I find that this loss was not discovered during the term or within six months thereafter but was discovered in November, 1929, and I further find and so hold that the defendant has failed to show that it has suffered loss or injury by reason of the failure of the bank to discover this loss at an earlier date, and, therefore, the bank is entitled to recover the amount of said loss from the defendant."

From this judgment, the defendant has appealed, taking the position that unless the fraud was discovered during the term, or within six months thereafter, which concededly was not done, there is no liability upon the bond.

If the clause had been construed as requiring the guaranty company to discover the loss within the time limited, a construction which is impossible, there might have been a sound basis for allowing the plaintiff to recover; but the construction adopted by his Honor, the presiding Judge, that the duty was incumbent under the contract upon the bank, appears to close the debate upon the issue of a condition. If a condition, there is no law that requires the party seeking the benefit of the condition to show that the breach has caused loss to him; it is a matter of contract, of substantial benefit to the guaranty company to have the period within which the loss was to be discovered fixed and determined. It was a safeguard to it to impose upon the insured such reasonable effort to keep in touch with its employees' work and faithfulness.

It cannot be contended that such a limitation is obnoxious to the law of contracts; the limitation of an insurer's liability upon a fidelity bond to losses sustained and discovered within a stipulated period has been recognized and enforced in scores of instances.

In 14 R. C. L., 1268, it is said: "* * * It is well settled that where the liability of the insurer is expressly limited in an indemnity or fidelity contract to losses discovered within a specified time, there is no liability unless the fraud, dishonesty or negligence causing the loss not only occurs but is discovered within the time limit, and the mere fact that the discovery of a fraud during that period is prevented by the concealment thereof by the defaulter will not extend the period of indemnity. The insured is bound to discover the loss during the prescribed period, and if he fails to do so the insurance company is not liable." See, also, 4 Joyce Ins. (2d Ed.), page 4656.

In the case of *Ballard County Bank's Assignee v. U. S. F. & G. Co.,* 150 Ky., 236, 150 S. W., 1, 2, Ann. Cas., 1914-C, 1208, the indemnity bond sued upon was in practically the same words as appear in the bond in question. In discussing the validity of the condition, the Court said: "The effect of such a provision in a bond is helpful rather than hurtful. Knowing that no recovery can be had for losses not discovered within the time fixed by the bond, the bond itself is an incentive to the officers of the bank to do their duty by making frequent and careful examinations of the accounts of its employees. Similar provisions to the one in question have been upheld by the Courts; and it is well settled that, where the liability of the insurer is limited to losses discovered within a specified time, there is no liability, unless the fraud, dishonesty, or negligence causing the loss not only occurred, but was discovered, within the time limit."

In 25 C. J., 1096, it is said: "The bond or policy sometimes contains a provision limiting the liability of the insurer to losses discovered during the time of its continuance, or of any renewal thereof, or within a fixed period thereafter, or within a fixed period after the death, dismissal, or retirement of the employee, or to losses sustained within a given time prior to discovery."

In reference to a similar bond, the Court, in *De Jernette v. Co.,* 98 Ky., 558, 33 S. W., 828, 829, said: "The company desired by these provisions to require vigilance on the part of the employer to discover and give notice of the fraud or dishonesty of the employed. It was of the utmost importance that this be done. The company could protect itself to some extent by having such information. It required, and had the right to expect, vigilance on the part of the employer."

In construing a bond with a similar provision, the Court, in *Mayor, etc., of City of Brunswick v. Harvey,* 114 Ga., 733, 40 S. E., 754, 756, said: "The municipal authorities doubtless read these conditions, stipulations, and limitations. They accepted the bond containing them, and the company gave ample time for the discovery of the fraud or dishonesty of the treasurer—12 months from the execution of the bond to its expiration, and 6 months thereafter. If a city accepts such a bond, it is as much bound by the contract as is the company; and, if it fails to comply with the terms of the contract, it cannot recover, however great the loss it may sustain. It is the duty of Courts to construe contracts as they are made, however hardly the construction may bear upon one of the parties."

In *Ladies v. Ill. Co.,* 196 Mich., 27, 163 N. W., 7, 8, the Court said: "The provisions of the bond limiting liability thereon to losses which shall be discovered within six months after the 'finance keepers' ceased to occupy their positions and within six months after the expiration of the bond, and requiring suit to be brought within one year after the termination of the bond, are valid and enforceable provisions. *Lyons v. Nat. Surety Co.,* 243 Mo., 607, 147 S. W., 779; *Granite Bldg. Co. v. Saville's Adm'r,* 101 Va., 217, 43 S. E., 351; *Lombard Investment Co. v. Amer. Surety Co.* (C. C.), 65 F., 476. It is for the interest of the parties to these indemnity contracts, and to the public generally, that defalcations of parties holding positions of trust and confi-

dence should be promptly discovered and stopped, and those guilty of such defalcations promptly dealt with. Provisions tending to bring about such results are not against public policy, but are valid and enforceable."

In *Macdonald v. Ætna Co.*, 90 Conn., 226, 96 A., 926, it was held, quoting syllabus: "The parties to an indemnity bond may by express stipulation limit the time when the liability of the indemnity company should expire. * * *"

In *Hartford Co. v. Neiman-Marcus* (Tex. Com. App.), 285 S. W., 603, it was held that employees' fidelity bond may provide that insurer shall be liable only for defalcations discovered within any twelve-month period, or within three months thereafter.

The case of *Fidelity & Casualty Co. v. Bank of Timmonsville*, 139 F., 101, was a case decided by the Circuit Court of Appeals on writ of error to the Circuit Court for the district of South Carolina at Charleston. A similar limitation in the indemnity bond involved, as to the period within which the lability existed was sustained by the Court.

In *Lyons v. National Co.*, 243 Mo., 607, 147 S. W., 778, 782, it was held that a bond given by a surety company against embezzlement by bank cashier during a stated term, and covering losses "discovered during said term or within six months thereafter, and within six months after the determination of this obligation," no obligation was imposed upon the surety company for embezzlement by the cashier, which was not discovered until more than three years after the termination of the bond. The Court, referring to the *Timmonsville case* (C. C. A.), 139 F., 101, said: "The case last cited clearly holds that there is no liability unless the discovery of the loss is made within the time agreed upon in the bond, and fully sustains appellant's contention." (Citing cases.)

In the case of *American Surety Co. v. Pauly*, 170 U. S., 133, 18 S. Ct., 552, 558, 42 L. Ed., 977, the bond construed by the Court was not materially different from the bond in

this case. Referring to the provision as to the discovery of the loss during the term of the bond, or within six months thereafter, Harlan, J., delivering the opinion, said: "Undoubtedly, the company did not agree to be liable for any fraudulent or dishonest act of the cashier not discovered until after six months from his retirement from the service of the bank."

It seems clear, therefore, that the motion of the defendant for a directed verdict should have been sustained.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to the Court of Common Pleas for Anderson County, with direction to enter judgment in favor of the defendant under Rule 27.

MR. JUSTICE BONHAM concurs.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur in result.