## CIRCUIT COURT OF FAIRFAX COUNTY

Jeffery Financial
Group, Inc.

v.

Four Seasons
Development, L.L.C.

September 23, 2003

Case No. (Chancery) 184318

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on September 5, 2003, on Defendant Four Seasons' Demurrer to the Amended Bill of Complaint and on Defendant Four Seasons' Plea in Bar to Amended Bill of Complaint. The matter was taken under advisement to determine whether the Demurrer and/or the Plea in Bar should be granted. For the reasons set forth in this opinion letter, the Demurrer and the Plea in Bar are ruled upon in the following manner. Four Seasons' plea in bar is sustained to the extent that Financial will not be permitted to take inconsistent positions throughout the course of this litigation. Four Seasons' demurrer is sustained without prejudice.

*Facts*

On November 29, 2001, Complainant, The Jeffery Financial Group, Inc. ("Financial"), as a buyer, entered into a written contract for the sale of

certain property with the Respondent, Four Seasons Development, L.L.C. ("Four Seasons"), as the seller. On September 11, 2003, the parties entered into a written Land Lease Agreement for an offsite parking pad required for Financial's intended development of the subject property. Also, on September 11, 2003, the parties extended the settlement date to February 28, 2003, by Written Addendum to the November 29, 2001, written contract. However, on February 28, 2003, the parties again agreed to extend the settlement date to March 28, 2003.

Settlement did not occur on March 28, 2003. Financial brought this suit seeking specific performance of the parties' contract. Four Seasons filed a plea in bar seeking to estop Financial from taking inconsistent positions throughout the course of the litigation. Four Seasons also filed a demurrer claiming that Financial failed to allege compliance with the express condition precedent of thirty days advanced notice of time and place of settlement and that Financial's allegation contradict its own incorporated exhibits.

*Analysis*

## I. *Defendant's Plea in Bar*

A Plea in Bar may be available to a party, through estoppel, to prevent the opposing party from taking inconsistent positions or pleading inconsistent facts throughout the course of litigation. "In Virginia, we have also approved the general rule that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. A litigant is estopped from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais*." *Burch v. Grace Street Bldg. Corp.*, 168 Va. 329, 340, 191 S.E. 672, 677 (1937). Accord *Winslow, Inc. v. Scaife*, 224 Va. 647, 653, 299 S.E.2d 354, 358 (1983) (A litigant is not permitted to assume inconsistent or mutually contradictory positions.).

Four Seasons asserts that Financial made inconsistent statements with respect to the same state of facts in the course of the suit. See Memorandum in Support of Plea in Bar, p. 2. Specifically, Four Seasons asserts that Financial, in its Original Bill of Complaint, stated that:

On February 28, 2003, Financial was unable to obtain the necessary financing to acquire the subject property for its intended development and use, due to the fact that the offsite parking pad proffered by [Four] Seasons to serve the subject property, and necessary for its intended development and use, did not have a valid easement providing for ingress and egress to the closest public street.

Original Bill of Complaint, p. 3, ¶ 6. Later, in the same pleading Financial states:

Financial is now, and at all times relevant hereto, has been ready, willing, and able to go to settlement under the parties' amended contract, provided that a valid ingress and egress easement serving the off-site parking pad is provided by [Four] Seasons.

Original Bill of Complaint, p. 4, ¶ 13. Four Seasons notes that Financial, in its Amended Bill of Complaint, has changed its story. Plea in Bar, p. 2, ¶ 5. Four Seasons asserts that Financial now states that "from and after March 28, 2003, [Financial] has been, and is now ready, willing, and able to go to settlement under the parties' amended contract." Amended Bill of Complainant, p. 2, ¶ 7. On these facts, Four Seasons seeks to invoke estoppel and bar Financial from "alleging that it was 'ready, willing, and able' to settle at all time." Plea in Bar, p. 2, ¶ 5.

The Court agrees with Four Seasons that Financial has changed it story. In Financial's Original Bill of Complaint, Financial admitted that on February 28, 2003, it was unable to obtain the necessary financing to be ready and able to go to settlement, because there was not a valid easement providing for ingress and egress to a parking pad. See Original Bill of Complaint, p. 3, ¶ 6. These facts have been omitted from the Amended Bill of Complainant. Rather, Financial now claims that the postponement of the settlement date was "for the sole purpose of allowing the settlement agent handling the settlement of the parties' contract additional time to resolve the fatal defects in the easement providing ingress and egress to the offsite parking pad serving the subject property." Amended Bill of Complaint, p. 2, ¶ 6. Financial's new version seems to turn a blind eye to the fact that it could not secure the necessary financing to purchase the subject property as it originally pleaded.

Additionally, in Financial's Original Bill of Complaint, Financial stated that, at all times relevant, i.e., March 28, 2003, it has been "ready, willing, and able to go to settlement under the parties' amended contract, *provided that a valid ingress and egress easement serving the off-sight parking pad is provided by [Four] Seasons.*" Original Bill of Complaint, p. 4, ¶ 13 (emphasis added). Now Financial has omitted the need for the easement and claims that "from and after March 28, 2003, [Financial] has been and is now ready, willing, and able to go the settlement under the parties' amended contract." Amended Bill of Complaint, p. 2, ¶ 7. Financial's initial story was that it was ready, willing, and able *as long as the easement was procured.* Now the story is simple, that it was ready, willing, and able. Financial will not be permitted take an inconsistent position and hide the fact, as it originally pleaded, that it was necessary to obtain the easement. To the extent that it was Four Season's responsibility to acquire the easement, the Court notes that the only affirmative deadline for the acquisition of the easement is March 1, 2004. See Complainant's Exhibit D, Land Lease Agreement, p. 2, ¶ 2. If there are facts that would indicate that the condition of the parties has changed between the February 28, 2003, and the March 28, 2003, settlement dates, Financial should have pleaded those facts. At the September 5, 2003, oral argument on these issues, the Court asked Counsel if the easement had in fact been acquired. Counsel stated that, as of that date, there were still a few steps that had to be taken to complete the acquisition of the easement.

Four Seasons' Plea in Bar is sustained to the extent the Financial will not be permitted to take inconsistent positions through the course of this litigation.

## II. *Defendant's Demurrer to Specific Performance Claim*

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A). All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading. See Rule 1:4(i) (mention in a pleading of an accompanying exhibit makes the exhibit a part of the pleading). In ruling on a demurrer, the court may not evaluate and decide the merits of a claim; it may only test the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993).

In this suit, Financial seeks specific performance of a written contract for the purchase and sale of a certain tract of real property that it entered into with Four Seasons. Four Seasons demurs on the grounds that (a) Complainant failed to allege compliance with the express condition precedent of thirty days advanced notice of time and place of settlement, and (b) on the grounds that Complainant's descriptive allegations contradict its own incorporated exhibits. The Court shall address each of the Defendant's grounds for demurrer in turn.

A. *Complainant failed to allege compliance with the express condition precedent of thirty days advanced notice of time and place of settlement.*

The Virginia Supreme Court states that "where an act is to be done by one party as a condition precedent to the right to claim performance on the part of another, the first party cannot compel such performance without alleging the achievement of such act or averring a sufficient excuse for its non-performance." *Flippo v. F & L Land Co.*, 241 Va. 15, 22, 400 S.E.2d 156, 160 (1991) (citing *Granite Building Co. v. Saville*, 101 Va. 217, 223, 43 S.E. 351, 353 (1903)).

In this case, the contract specifically provided that "[Financial] shall have the right to go to settlement at any time following the effective date of this Addendum first set forth above, *provided that Buyer give Seller not less than thirty (30) days prior written notice of the place, date, and time of the settlement. . . .*" Complainant's Exhibit B, Addendum Agreement, p. 2, ¶ 3(B) (emphasis added). This does appear to be a condition precedent to Financial's ability to set the settlement date for the sale of this property pursuant to the parties' contract.

The parties' Addendum Agreement set a new date of settlement under the contract to be February 28, 2003. On February 28, 2003, flaws in the easement and Financial's inability to obtain the necessary financing to go to settlement created a need to set a new settlement date. March 28, 2003, was chosen as the new settlement date as evidenced by a letter dated February 28, 2003, sent by James A. Jeffery, President of Jeffery Financial, to John Scira, a managing member of Four Seasons. Complainant's Exhibit C. This clearly only gives Four Seasons twenty-eight days notice, rather than the thirty days notice required under the Addendum Agreement. However, it is also clear that John Scira signed the February 28, 2003, letter indicating that the terms of the letter were "AGREED AND ACCEPTED."

When Mr. Scira signed the February 28, 2003, letter "Agreed and Accepted," Four Seasons effectively waived the condition precedent that it

receive thirty days prior written notice of the place, date, and time of settlement. The Court notes that the original written contract between the parties provided that:

> no change or modification of this agreement shall be valid unless the same is in writing and signed by the parties hereto. *No waiver of any of the provisions of this Agreement or other agreements referred to herein shall be valid unless in writing and signed by the party against whom it is sought to be enforced.*

Complainant's Exhibit A, Agreement for Purchase and Sale of Real Property, p. 16, ¶ 20 (emphasis added). Four Seasons will not be permitted to enforce the thirty days notice provision as a condition precedent after it "Agreed and Accepted" a new settlement date that would only give twenty-eight days notice.

It does not appear necessary for Financial to allege compliance with the express condition precedent of thirty days prior written notice of the time and place of settlement. A new date of settlement was accepted and agreed to in a signed writing by Four Seasons. Because Four Seasons effectively waived the condition, thirty days notice was no longer a necessary condition precedent for the parties' decision to set the March 28, 2003, settlement date.

B. *Complainant's descriptive allegations contradict its own incorporated exhibits.*

The Virginia Supreme Court has stated that "the specific performance of a contract is not a matter of absolute right but rests in a sound judicial discretion. In order for a litigant to avail himself of this extraordinary remedy, he must show that he has been able, ready, prompt, eager, and willing to perform the contract on his part." *Griscom v. Childress*, 183 Va. 42, 47-48, 31 S.E.2d 309, 312 (1944). Under Virginia law, a court may ignore factual allegations contradicted by authentic, unambiguous documents that properly are a part of the pleadings. *Ward's Equipment, Inc. v. New Holland North American, Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (citing *Fun v. Virginia Military Inst.*, 245 Va. 249, 253, 427 S.E.2d 181, 183 (1993)).

Four Seasons' other ground for demurrer concern contradictions in Complainant's own pleadings and exhibits. Financial initially pleaded that it

could not obtain the necessary financing because a valid easement was not obtained. Original Bill of Complaint, p. 3, ¶ 6. Further, Financial pleaded that it "is now, and at all times relevant hereto, has been ready, willing, and able to go to settlement under the parties' amended contract, *provided that a valid ingress and egress easement serving the off-site parking pad is provided by [Four] Seasons*." Original Bill of Complaint, p. 4, ¶ 13. (emphasis added). Financial's ability to procure finances necessary to go through with this sale appears conditioned on a valid easement being obtained. Again, if the conditions of the parties changed between February 28, 2003, and March 28, 2003, Financial would need to identify those changes in its pleading. Neither Financial's Original or Amended Bills of Complaint indicated that Financial had the necessary funds to go to settlement on March 28, 2003. In order for Financial be entitled to the remedy of specific performance, Financial must show that it has been able, ready, prompt, eager, and willing to perform the contract on its part. See *Griscom*, 183 Va. at 47-48, 31 S.E.2d at 312. Without the financing required at the settlement date, Financial cannot claim that it was able to perform the contract.

The Court agrees with Four Seasons that Financial's descriptive allegations contradict its own incorporated exhibits. Four Seasons' demurrer is sustained without prejudice. If Financial is able to plead facts that indicate that the condition of the parties changed between February 28, 2003, and March 28, 2003, and that it did have the necessary funds to go to settlement on March 28, 2003, it may do so.

## III. *Conclusion*

Defendant's Plea in Bar is sustained to the extent the Financial will not be permitted to take inconsistent positions through the course of this litigation. Defendant's demurrer is sustained without prejudice.