CHRISTY v. PILKINTON.

5-557                                    273 S. W. 2d 533

Opinion delivered December 20, 1954.

*Paul E. Gutensohn,* for appellant.

*Bethell & Pearce,* for appellee.

GEORGE ROSE SMITH, J.   This is a suit for specific performance, brought by the appellee as vendor in a contract for the sale of real property.   In appealing from a decree for the plaintiff the defendants contend only that the court erred in ordering them to perform a promise which the proof shows to be beyond their financial resources.

It is conceded that the parties executed a valid written contract by which the Christys agreed to buy an apartment house from Mrs. Pilkinton for $30,000.   The vendor's title is admittedly good.   When the time came for performance the purchasers, although not insolvent, were unable to raise enough money to carry out their contract.   Mrs. Pilkinton, after having tendered a deed to the property, brought this suit.   At the trial the defendants' evidence tended to show that, as a result of a decline in Christy's used car business, they do not possess and cannot borrow the unpaid balance of $29,900.

Proof of this kind does not establish the type of impossibility that constitutes a defense.   There is a familiar distinction between objective impossibility, which amounts to saying, "The thing cannot be done," and subjective impossibility—"I cannot do it."   Rest., Contracts, § 455; Williston on Contracts, § 1932.   The latter, which is well illustrated by a promisor's financial inability to pay, does not discharge the contractual duty and is therefore not a bar to a decree for specific performance.

Much of the appellants' brief is devoted to a discussion of the difficulty that the chancellor may have in enforcing his decree; but that problem is not now before us. By the decree the defendants were allowed a period of twenty days in which to perform their obligation. If their default continues it will, of course, be for the chancellor to say whether further relief should be granted, as by a foreclosure of the vendor's lien or by other process available to a court of equity. At present it is enough to observe that foreseeable obstacles to the enforcement of a judgment are not a sufficient reason for denying the relief to which the plaintiff is entitled.

Affirmed.