OPINION
{¶ 1} Joseph Baljak (individually "Baljak") and J.R.B. Concrete and Masonry, Inc. (individually "JRB"), defendants-appellants, appeal from a judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment to J.J.O. Construction, Inc. ("JJO"), plaintiff-appellee.
 {¶ 2} JRB is a concrete and masonry contractor. JRB was incorporated in September 1993, but its articles of incorporation were cancelled in February 1999. Baljak is the owner of JRB. JJO is a general construction contractor. WXZ/Retail Group, L.L.C., *Page 2 
hired JJO to construct a retail building. In August 2004, JJO subcontracted with JRB for JRB to perform various masonry tasks associated with construction of the retail building, and JRB issued a warranty guaranteeing its work in December 2004. The superintendent for JJO "approved" the work performed by JRB, and JRB was paid for such work.
 {¶ 3} On March 30, 2005, the city of Columbus ("City") issued to JJO a notice of non-compliance of construction, which mandated that the concrete installed by JRB be replaced. On June 3 and 15, 2005, JJO informed JRB in writing that it must replace the non-compliant concrete because the concrete contained excess water, and JRB failed to obtain the necessary inspections and approvals from the City for the construction of the sidewalks and aprons. After JRB did not remedy the defects, JJO contracted with another masonry company, which completed the concrete replacement for $35,301.11, plus $6,789.12 for travel, lodging, and supervision expenses.
 {¶ 4} On October 26, 2005, JJO filed the present action against Baljak and JRB, alleging breach of contract and breach of warranty. On September 6, 2006, JJO filed a motion for summary judgment. In its motion, JJO contended that JRB and Baljak breached their contract by failing to obtain the necessary permits and inspections from the City, contrary to the provisions in the contract that required JRB to do so, and breached its warranty to repair any defects or reimburse JJO for any defective work repaired by third parties. On October 24, 2006, the trial court granted summary judgment to JJO, finding Baljak and JRB jointly and severally liable for the replacement costs of the concrete based upon both breach of contract and breach of warranty. On December 6, 2006, the trial court entered a judgment against JRB and Baljak for $42,090.23. JRB and *Page 3 
Baljak (hereafter collectively "appellants") appeal the judgment of the trial court, asserting the following assignment of error:
 The Trial Court Committed Prejudicial Error When It Granted Appellee's Motion for Summary Judgment Because The Evidence Established That There Were Genuine Issues Of Material Fact Indicating That Appellant Did Not Breach The Terms Of The Contract Or, In The Alternative, Breach was Legally Excused.
 {¶ 5} In their sole assignment of error, appellants argue that the trial court erred in granting summary judgment to JJO based upon breach of contract. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408. Civ.R. 56(C) provides that, before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} Generally, the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence: (1) that a contract existed; (2) that the plaintiff fulfilled his obligations; (3) that the defendant failed to fulfill his obligations; and (4) that damages resulted from this failure. Lawrence v. Lorain Cty. CommunityCollege (1998), 127 Ohio App.3d 547, 548-549. "When the facts presented in a case are *Page 4 
undisputed, whether they constitute a performance or a breach of the contract, is a question of law for the court." Luntz v. Stern (1939),135 Ohio St. 225, 247.
 {¶ 7} Appellants present three arguments under their assignment of error. Appellants first assert that it did not breach its contract with JJO because it was impossible to obtain permits or inspections, as only the owner of the property may secure the permits. Appellants also assert that JJO's actions in approving the work of appellants waived any claim that appellants breached the contract. Further, appellants contend that Baljak cannot be held jointly and severally liable because he did not sign the contract at issue.
 {¶ 8} However, the trial court rendered summary judgment to JJO not only based upon appellants' breach of contract, but also their breach of warranty. Appellants' assignment of error does not challenge the trial court's decision with regard to JJO's breach of warranty claim, and appellants do not present any argument addressing the trial court's granting of summary judgment on that ground. After a review of the record, we find summary judgment was proper based upon appellants' breach of warranty. On December 7, 2004, JRB, through Baljak, executed and delivered to JJO a document entitled "ONE YEAR GUARANTY," which provided, in full:
 We, JRB. CON., hereby guaranty that the CON. work performed at: Advance Auto Parts 5636-40 Gender Rd. Canal Winchester, OH 43110 has been done in accordance with the Drawings, Specifications and Local Codes and that the work as installed will fulfill the requirements included in the Specifications. We agree to repair or replace any of our work, together with any other adjacent work which may be displaced by so doing, that may prove to be defective in its workmanship or material within a period of one year from the date of acceptance of the above mentioned work by the *Page 5 
Owner; ordinary wear, unusual abuse and neglect are excluded.
 In the event of our failure to comply with the above mentioned conditions within a reasonable period of time, as determined by and after being notified in writing by J.J.O. Construction, Inc., we do hereby authorize J.J.O. Construction, Inc. to proceed to have said defects repaired at our expense, and we will honor and pay the costs associated with said repair work.
 We have also supplied all Manufacturers' Warranties, Submittals, and Final Lien Waivers to J.J.O. Construction, Inc.
 Signature /s/ Joe Baljak Date 12-7-04
 Print Name Joe Baljak Title. V.P.
Thus, this "guaranty" indisputably indicates that the work had been done in accordance with the specifications and local codes; that the work as installed would fulfill such requirements; that JRB and Baljak would repair or replace any of its work that may prove to be defective in its workmanship or material within a period of one year; and that, in the event of their failure to comply with those conditions within a reasonable time after written notification by JJO, they authorized JJO to have any defects repaired at the expense of JRB and Baljak.
 {¶ 9} With regard to whether the work was completed in accordance with "local codes," JJO presented to the trial court a March 30, 2005 notice of non-compliance of construction issued by the City to JJO, in which the City indicated that the work, including the sidewalk and approach, was performed without an inspection, and the concrete supplied was not approved by the City and was of a lesser class than specified. The City demanded that the work performed without inspection be removed and replaced. Thus, it is clear that JRB's work was not done in accordance with local codes. *Page 6 
 {¶ 10} Further, the work was not completed in accordance with the "specifications" included in the contract. The subcontractor agreement between JJO and JRB provided, in pertinent part:
 1.1 The scope of the Subcontractor's work shall include all * * * materials * * * [and] permits * * * required to complete all Concrete work, as described in Exhibit "A" * * * and as set forth in the plans and specifications (see Exhibit "B" * * *),
 All work shall * * * meet or exceed all applicable codes, including local code requirements for the Project. * * *
 4.2.1 The Subcontractor shall comply with all laws, ordinances, rules, regulations, and orders of public authorities bearing on performance of the Work of this Subcontract. The Subcontractor shall secure and pay for permits and governmental fees, licenses and inspections necessary for proper execution and completion of the Subcontractor's Work. The Subcontractor shall comply with all federal, state and local laws * * * insofar as applicable to the performance of this Subcontract.
 {¶ 11} Exhibit "A" provided, in pertinent part, the following "general requirements":
 1) Obtain all necessary permits and contractor registrations required by governing authorities and pay any associated fees.
 2) Schedule and be present for any required inspections or testing required for your work.
As is apparent by the notice of non-compliance of construction issued by the City, JRB completed the work on the sidewalk and approach without an inspection, and the defective concrete was not approved by the City. Sections 1.1 and 4.2.1 and Exhibit "A" required appellants to meet all codes and obtain all necessary permits required by the City and schedule all required inspections. Section 1.1 further required appellants to use *Page 7 
materials consistent with all codes and regulations. Thus, in addition to failing to complete the work, pursuant to local codes, appellants also failed to complete the work pursuant to the explicit specifications in the contract.
 {¶ 12} Accordingly, by failing to perform the work in accordance with the specifications and local codes, JRB and Baljak failed to meet the requirements in the "ONE YEAR GUARANTY." Therefore, appellants breached the warranty. The one-year guaranty specifically provides the proper procedure and remedy in such a case. JRB and Baljak agreed to repair or replace the defect, or reimburse JJO to have the work repaired by another party if informed of the defect in writing. Consistent with the terms of the guaranty, JJO sent letters to Baljak at JRB on June 3 and 15, 2005, informing Baljak that JRB must remove and replace all concrete that was not inspected by the City, and if JRB failed to complete the work, JJO would bill the full amount of the repairs to JRB. JRB failed to complete the work, and JJO hired a third party to repair the work for the sum of $42,090.23. Thus, the trial court's award to JJO of the full costs of repairing and replacing the defective concrete work was consistent with the express terms of the warranty.
 {¶ 13} Even if we were to apply the breach of contract arguments to the breach of warranty claim, JJO's recovery would not be precluded. Appellants' first argument, that it was impossible to obtain permits or inspections because such can only be obtained by the owner of the property, even if true, is without merit. Impossibility of performance occurs when, after the contract is entered into, an unforeseen event arises rendering impossible the performance of one of the contracting parties. Skilton v. Perry Local School Dist. Bd. of Edn., Lake App. No. 2001-L-140, 2002-Ohio-6702, at ¶ 26, affirmed 102 Ohio St.3d 173,2004-Ohio-2239. However, there is a distinction between objective *Page 8 
impossibility — "The thing cannot be done," which may discharge the contractual duty, and subjective impossibility — "I cannot do it," which does not discharge the contractual duty. Christy v. Pilkinton (1954),224 Ark. 407, 273 S.W.2d 533.
 {¶ 14} Here, Baljak contends in his affidavit submitted to the trial court only that neither he nor JRB could have obtained or applied for a permit from the City. This is merely subjective impossibility and not objective impossibility. Even if it were true that only an owner of property may apply for a permit, as Baljak asserts, a contractor raising impossibility of performance may not rely solely upon his own inability to accomplish the specified task; he must also negate the possibility of performance by others. Oak Adec, Inc. v. United States (1991), 24 Cl.Ct. 502, 506. Further, one who makes a promise that cannot be performed without the cooperation of a third person, is not excused from liability, even if cooperation from that third person cannot be secured.Paul E. Van Hoose, Inc. v. Bd. of Edn. of Gallia Cty. Local SchoolDist. (Aug. 17, 1990), Gallia App. No. 89 CA 20. Here, appellants agreed to obtain the necessary permits, and appellants admit that others could have helped them obtain such. Therefore, appellants may not escape liability by claiming impossibility of performance.
 {¶ 15} Appellants' remaining counterarguments are also untenable. Appellants' contention that JJO's approval of the concrete work waived any possible claims by JJO must be rejected. The one-year guaranty issued by Baljak is not dependent upon JJO's approval of the work or payment in full for work completed. The explicit wording of the guaranty warrants JRB's work for "a period of one year from the date of acceptance of the above mentioned work by the Owner[.]" Thus, whether JJO had "approved" the work or paid for the completed work is immaterial for purposes of the guaranty. *Page 9 
 {¶ 16} Further, appellants' contention that Baljak cannot be held jointly and severally liable is without merit. Although appellants contended, with regard to the breach of contract claim, that Baljak could not be held jointly and severally liable because he did not execute the subcontractor agreement, Baljak personally signed the one-year guaranty. In addition, JJO presented evidence demonstrating that the articles of incorporation for JRB had been cancelled as of February 20, 1999. R.C. 1701.88(A) provides that, when a corporation's articles have been cancelled, the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs. Appellants presented no evidence that they had reorganized the legal form of the business in any way since the cancellation of its articles of incorporation on February 20, 1999. If the corporation's articles are never reinstated, any officers or principals who carry out new business that is not for the purpose of winding up the corporation can be held personally liable for the new obligations they incur. SeeNabakowski v. 5400 Corp. (1986), 29 Ohio App.3d 82, 85-86; Chatman v.Day (1982), 7 Ohio App.3d 281, 283-284; Consolidated Freightways Corp.v. Allred (Dec. 10, 1991), Franklin App. No. 91AP-747, citingChatman, supra. Here, the concrete work JRB performed for JJO was new business and beyond the scope of winding up the affairs of the corporation. Thus, Baljak was personally subject to the money judgment rendered by the trial court.
 {¶ 17} For all of these reasons, we find there remain no genuine issues of material fact, and JJO was entitled to judgment as a matter of law. As JJO was entitled to summary judgment, pursuant to its breach of warranty claim, we need not address summary judgment as it relates to the breach of contract claim. Therefore, appellants' assignment of error is overruled. *Page 10 
 {¶ 18} Accordingly, appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur. *Page 1