## Richmond

WINSTON M. HAYTHE

v.

GENE H. MAY, ET AL.

March 12, 1982.

Record No. 791009.

Present: Carrico, C.J., Cochran, Compton, Thompson and Stephenson, JJ., and
Harrison, Retired Justice.

*Haynie S. Trotter (Boothe, Prichard & Dudley,* on briefs), for appellant.

*J. Strouse Campbell; Howard M. Bushman (Herrell, Campbell & Lawson; Whitaker and Bushman,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

Winston M. Haythe and his wife entered into a "lot reservation agreement" with May Properties, contemplating the construction of a residence on a tract of land in Fairfax County. The couple separated, and, in December, 1976, the wife assigned her interest in the property to Haythe.

In June, 1977, Haythe alone contracted with May for the construction of the dwelling. Completion was scheduled for April, 1978. The contract did not provide that time was of the essence.

Haythe, in March, 1978, attempted to assign the contract to a third party. When May refused to agree to this assignment, Haythe made plans to resell the dwelling the same day he acquired title from May. These plans were never carried out.

May scheduled settlement for April 20. Haythe refused to close at this time due to certain defects in construction and other problems. The trial court found this refusal to be justified. The next week confusion arose as to the day and time of settlement. When Haythe's attorney appeared at the courthouse for closing, he found the property had been conveyed from May to Vatia Albright. The trial court found that by this conveyance May

breached his contract with Haythe. Further, the court found that Albright knew of Haythe's contract and was not a *bona fide* purchaser for value without notice.

Having made the above findings, however, the trial court refused to order specific performance of the contract. Instead, it ordered that Haythe recover the deposit he had paid May and his incidental expenses. The trial court's refusal to grant specific performance was based on its view that Haythe's "personal situation" had changed, since he had divorced and no longer needed the property for his family. Haythe appeals this ruling.

The granting of specific performance is addressed to the sound discretion of the trial court. Although it is not a matter of absolute right, "where the contract sought to be enforced is proved and is in its nature and circumstances unobjectionable, it is as much a matter of course for courts of equity to decree specific performance as it is for a court of law to give damages for a breach of it." *Pavlock* v. *Gallop,* 207 Va. 989, 995, 154 S.E.2d 153, 157 (1967). *See also Lucy* v. *Zehmer,* 196 Va. 493, 84 S.E.2d 516 (1954); *Bond* v. *Crawford,* 193 Va. 437, 69 S.E.2d 470 (1952); *Walker* v. *Henderson,* 151 Va. 913, 145 S.E. 311 (1928).

> When the contract sought to be enforced, has been proven by competent and satisfactory evidence, and there is nothing to indicate that its enforcement would be inequitable to a defendant, but will work injury and damage to the other party if it should be refused, in the absence of fraud, misapprehension, or mistake, relief will be granted by specific enforcement.

*First Nat. Bank* v. *Roanoke Oil Co.,* 169 Va. 99, 117, 192 S.E. 764, 771 (1937).

In the present case, the trial court determined a valid contract existed between Haythe and May and that May breached the contract by conveying the property to Albright. Furthermore, the terms of the contract are clear and definite and the evidence fails to suggest the presence of fraud, misapprehension, or mistake. Nothing in the evidence indicates that decreeing specific performance would work any hardship or unfairness on May.

The trial court's sole reason for denying specific performance rested upon its finding that Haythe's marriage had ended and the

property would therefore not be a home for his family. We are of opinion this was an insufficient basis for denying specific performance and the trial court failed to exercise the sound discretion required of it.

Accordingly, we hold the trial court erred in denying specific performance. The decree of the trial court will be reversed and the cause remanded with direction that the appellees be ordered to specifically perform the contract.

*Reversed and remanded.*