## CIRCUIT COURT OF FAUQUIER COUNTY

Crystal Lakes
of Virginia, Inc.

v.

Wiseman Development Co.

October 1, 1991

Case No. (Chancery) CH90-30

By JUDGE JAMES H. CHAMBLIN

In this suit Crystal Lakes of Virginia, Inc. ("Crystal Lakes") asks this Court to order Wiseman Development Company ("Wiseman") to perform under a Purchase Agreement dated April 6, 1989 (the "contract") wherein Wiseman agreed to purchase from Crystal Lakes a parcel of land in the Town of Warrenton for the sum of $635,000.00 all cash to be paid at settlement. Evidence was presented *ore tenus* on September 19, 1991.

Upon consideration of all the evidence and the argument of counsel, I am of the opinion that Crystal Lakes is entitled to a decree of specific performance against Wiseman. It shall be required to specifically perform the contract on or before November 15, 1991.

A valid agreement exists between Crystal Lakes and Wiseman. When Wiseman did not settle as required by the contract, it breached the contract. The terms of the contract are unambiguous, clear and definite. Crystal Lakes was not in default when the time came for settlement. It was, and is, ready, willing and able to settle. It has complied with all the obligations imposed on it by the contract. There is no suggestion of the presence of any fraud, undue influence, misapprehension or mistake.

Very simply, Wiseman has breached the contract without cause.

The sole reason offered by Wiseman for not settling and its sole defense against specific performance is that on January 15, 1990 (the settlement date under the contract) and continuing to the date of trial, it did not have the financial ability to settle. It did not have the assets or ability to borrow or otherwise raise the cash needed to settle under the contract.

As a general rule, the granting of specific performance is addressed to the sound discretion of the trial court. It is not a matter of absolute right. However, where the contract is proven and is in its nature and circumstances unobjectionable, it is as much a matter of course for a court of equity to decree specific performance as it is for a court of law to award damages for the breach of it. *Pavlock v. Gallop*, 207 Va. 989, 995 (1967). Expressed another way, if the contract is proven and there is nothing to indicate that its enforcement would be inequitable to a defendant but will work injury and damage to the other party if it be refused, in the absence of fraud, misapprehension or mistake, relief will be granted by specific performance. *First National Bank v. Roanoke Oil Co.*, 169 Va. 99, 117 (1937). *See, Haythe v. May*, 223 Va. 359, 361 (1982), for a good discussion of specific performance principles.

The precise issue involved here does not appear to have been addressed by the Virginia Supreme Court. However, there is authority that great or unexpected expense is not a hardship that will excuse specific performance. 81 C.J.S. *Specific Performance*, Section 20; 71 Am. Jur. 2d, *Specific Performance*, Section 73. *See also*, 65 A.L.R. 7 (1930). This position is supported by the case cited by the complainant. *Christy v. Pilkinton*, 273 S.W.2d 533 (Ark. 1954).

The contract in paragraph 7 provides only two remedies to Crystal Lakes if Wiseman without cause failed to settle, seek specific performance, or cause the forfeiture of the deposit as fixed and liquidated damages. The parties negotiated for only these two remedies. Damages for breach of contract were fixed at $30,000.00, the amount of the deposit in the form of a letter of credit. Crystal Lakes let the letter of credit expire and decided to rely upon

the remedy of specific performance. Both remedies were available to Crystal Lakes. It should not be penalized for seeking one remedy as opposed to the other. Wiseman went into the contract knowing full well that Crystal Lakes could seek specific performance or liquidated damages of $30,000.00.

The contract is perfectly valid and enforceable. It would be inequitable to Crystal Lakes not to enforce and let Wiseman escape all liability on such an agreement. It is not inequitable to require Wiseman to perform what it agreed to do.

Crystal Lakes is also entitled to interest at the legal rate from January 15, 1990, when settlement should have occurred under the contract. *See Sale v. Swann*, 138 Va. 198 (1924); 71 Am. Jur. 2d, *Specific Performance*, Section 219. If the contract is specifically performed, then Crystal Lakes is entitled to receive compensation in the form of interest for the delay in receiving the money it would have received on January 15, 1990, if Wiseman had settled as required by the contract.

Wiseman argues that this Court should not decree specific performance because it would be a useless act or because such a decree could not be enforced. It may very well be true that ultimately this Court can do nothing to enforce the decree, but it is premature to make that decision now. Crystal Lakes is entitled to a decree of specific performance. Enforcement of the decree will be dealt with as appropriate in the future if it becomes necessary.

Wiseman cites this Court to *Adams v. Hinkell* (Chancery No. 9521, Circuit Court of Loudoun County) as authority for the proposition that Judge Carleton Penn was affirmed by the Supreme Court when he ruled that purchasers who could not settle because of financial difficulties were excused from performance of a real estate contract (specifically, they were not held in contempt for failure to comply with a decree of specific performance). However, the opinion of the Supreme Court, *Hinkell v. Adams*, 237 Va. 635 (1989), specifically notes that the sellers did not assign error to Judge Penn's ruling. *See* footnote 1, 237 Va. at 637. Therefore, the Supreme Court did not rule on the issue. In *Hinkell*, Judge Penn did decree specific performance, and

the issues of financial inability to perform arose upon a rule to show cause.

During his closing argument, Mr. Fallon moved this Court to amend the Bill of Complaint to bring in additional defendants which he characterized as "the true parties to the contract." The motion is denied. It comes too late. There was no evidence that any other entity than Wiseman is contractually bound. Under the evidence presented, Crystal Lakes is entitled to relief against Wiseman and not against other persons or entities to which it feels that the property would have been conveyed if settlement had occurred. There was no evidence that the contract had been assigned.