COURT OF APPEALS OF VIRGINIA

Present:   Judges Chafin, Decker and AtLee
Argued at Richmond, Virginia

HARRY MICHAEL MOY, JR.

MEMORANDUM OPINION* BY
v.        Record No. 1655-17-2          JUDGE RICHARD Y. ATLEE, JR.
                                        MARCH 27, 2018
LINDA SISK MOY


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Paul W. Cella, Judge

Steven P. Hanna for appellant.

No brief or argument for appellee.


Harry Moy ("husband[1]") appeals an award of spousal support by the Circuit Court of

Dinwiddie County to Linda Moy ("wife"). He argues that the circuit court misinterpreted the

parties' separation agreement. We affirm.

"[W]e view the facts, and all reasonable inferences from those facts, in the light most

favorable to the party prevailing below, [wife], in this case." Virostko v. Virostko, 59 Va. App.

816, 819, 722 S.E.2d 678, 680 (2012). A separation agreement is a contract, Smith v. Smith, 3

Va. App. 510, 513, 351 S.E.2d 593, 595 (1986), so we review the circuit court's interpretation of

that agreement de novo, Allen v. Allen, 66 Va. App. 586, 595, 789 S.E.2d 787, 791-92 (2016).

In 2005, the parties executed a document entitled "Separation Agreement." The disputed

provision of the separation agreement is the first sentence of paragraph 5, which reads as

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We use the designations "wife" and "husband" for clarity, recognizing that such terms
actually describe the parties' former, rather than current, legal relationship.

follows: "The husband agrees to pay the wife $350.00 a month to help with household bills until the divorce is final or wife obtains a full time job, whichever comes first." Wife never obtained a full time job, and husband never paid any of the agreed-upon monthly support. A final decree of divorce was entered in September of 2017, awarding wife an arrearage of $49,000 (covering the period from October 2, 2005 through May 31, 2017).

Husband now asks this Court to hold that the support obligation contained in paragraph 5 of the separation agreement is unenforceable because the separation agreement contains a "patent ambiguity" in that it does "not state when said support payment would commence." He complains that "[t]he trial court supplied a term where none existed, [and] gave meaning to a patent ambiguity in the Agreement."

Rule 5A:20(e) requires, in part, that an appellant provide "principles of law and authorities[] relating to each assignment of error." Husband's citation to "principles of law and authorities" was cursory, at best. However, assuming without deciding that husband's assignment of error is not barred by Rule 5A:20(e), we address the merits of this appeal.

The first line of the separation agreement states that it was "executed in triplicate, this 2nd day of September, 2005, by and between" wife and husband. The last line of the separation agreement is: "This Agreement becomes effective on the day and date first above written." Wife signed the agreement on September 2, 2005, and husband signed it on September 8, 2005. In deciding when husband's monthly payment obligation began, the circuit court declared "that a reasonable time for those payments to start would be October 2, 2005," and so decreed.

Husband's argument that the separation agreement is missing a "material term" is meritless. The separation agreement is clear, and the circuit court correctly interpreted it.

Affirmed.