COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

UNPUBLISHED

MICHAEL PAUL JONES

                                                MEMORANDUM OPINION* BY
v.      Record No. 1950-18-4                    JUDGE WILLIAM G. PETTY
                                                JULY 2, 2019
BRENDA J. JONES


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Jeffrey W. Parker, Judge

Ann M. Callaway (Ann M. Callaway, P.C., on brief), for appellant.

T. Huntley Thorpe, III (Karen E. Hedrick; Gulick, Carson & Thorpe,
P.C., on brief), for appellee


Finding no error in the trial court's interpretation of the 1993 property settlement

agreement at issue in this case, we affirm and remand for determination of reasonable attorney's

fees awarded to former wife.

## I. BACKGROUND

Given our resolution of this case, the relevant facts may be succinctly stated. "When

reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to

the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon,

40 Va. App. 255, 258 (2003).

Michael Paul Jones (former husband) and Brenda J. Jones (former wife) were married in

1969 and were divorced in 1993. A property settlement agreement, also dated 1993, was

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

affirmed, ratified, and incorporated into the final decree (PSA). The relevant paragraph of the PSA states,

> 7. RETIREMENT AND DISABILITY BENEFITS:
> The parties agree that the Husband currently receives $1,497.00 per month from the Virginia Worker's [sic] Compensation Commission and the Fairfax County government for a lump disability-retirement payment. Said amount is not taxable and shall continue for the life of the Husband. Beginning the first day of each month following the date of this Agreement and continuing on the first day of each month thereafter the Husband shall pay to the Wife one-half of such monthly benefit. In the event the Wife remarries, the Husband's obligations hereunder shall cease.

Former husband was injured while working for Fairfax County in 1984. At that time, he began receiving workers' compensation payments for his injury. Former husband knew that the payments were initially being paid through the Workers' Compensation Commission for 500 weeks. When the workers' compensation payments ended, the payments would then come from the county as disability retirement pay. As of the time of divorce in 1993, the payments had remained constant at $1,497 for approximately nine years. Upon divorce, former husband paid former wife $750 each month as her portion of the benefit.

The PSA also provided that former wife waived spousal support and would "execute an interest free promissory Note" for former husband's equity in the marital residence, which would be paid upon former wife selling the house or receiving an inheritance from her parent.

In December 1994, former husband received a letter stating that he was nearing the end of his 500 weeks of workers' compensation payments. He was told that when those expired and the payments began being issued by the county as disability retirement, his monthly payment would increase and would also be subject to cost of living adjustments. He did not notify former wife of the increase, but rather kept paying $750 per month. In 2012, former husband was receiving $3,405.46 as his disability-retirement payment. He still had not notified former wife

that the benefit had increased. However, former husband learned that he was required to apply for Social Security because he had turned seventy years old. He learned that his Social Security benefit would require a reduction of $300 in his disability-retirement payment. Former husband contacted former wife and notified her that his benefit was being reduced by $300 and asked her to accept a reduction of half that amount, $150, in his $750 monthly payments to her. Wife expressed willingness to accept the reduction, but requested current payment advice, to confirm the amount.[1] Former husband testified he did not want former wife to know what he was receiving, so he did not provide her with documentation and did not pursue a reduction in payment.

In 2017, wife received an inheritance from her parent that allowed her to pay the $75,000 owed to former husband. She contacted an attorney to handle the payment. Former wife had been receiving $750 from former husband for twenty-five years, and her attorney asked if husband had been getting cost of living adjustments on his retirement pay. Former wife had no knowledge of cost of living adjustments and sent a letter to husband requesting a current pay advice. In response, former husband suggested that she keep the $75,000 in exchange for discontinuing the $750 per month payments. Former wife did not learn of the cost of living adjustments to the monthly disability retirement payments until the records were produced during discovery. Former wife argued to the trial court that she was entitled to one-half the monthly payment, regardless of the amount, and former husband had therefore underpaid her. Former husband argued that she was entitled to $750 per month and no more. The trial court found in former wife's favor, and this appeal followed.

---

[1] A payment advice is "a formal or official notice sent by one person or office to another concerning a business transaction." Advice, Webster's Third International Dictionary (2002).

## II.  ANALYSIS

"On appeal, [this] Court reviews a trial court's interpretation of a contract *de novo*." Allen v. Allen, 66 Va. App. 586, 595 (2016) (alteration in original) (quoting Plunkett v. Plunkett, 271 Va. 162, 166 (2006)).  "In construing the terms of a property settlement agreement, just as in construing the terms of any contract, [this Court is] not bound by the trial court's conclusions as to the construction of the disputed provisions."  Id. (alterations in original) (quoting Smith v. Smith, 3 Va. App. 510, 513 (1986)).  "[I]f all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this [C]ourt."  Id. (alterations in original) (quoting Fry v. Schwarting, 4 Va. App. 173, 180 (1987)).

"When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written."  Stacy v. Stacy, 53 Va. App. 38, 43 (2008) (alteration omitted) (quoting Palmer & Palmer Co. LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289 (2008)).  "When a contract is ambiguous, however, a court should resort to parol evidence to ascertain the true intention of the parties."  Aetna Cas. and Sur. Co. v. Fireguard Corp., 249 Va. 209, 215 (1995). "Contract language is ambiguous when it may be understood in more than one way or when it refers to two or more things at the same time.  However, a contract is not ambiguous merely because the parties disagree as to the meaning of the terms used."  Robinson-Huntley v. George Washington Carver Mut. Homes Ass'n, Inc., 287 Va. 425, 429 (2014) (quoting Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 632 (2002)).

Here, the PSA paragraph is ambiguous because the operational language "may be understood in more than one way."  See id.  We agree with the trial court that the first two sentences of the paragraph addressing the disability-retirement payments are informational, and the third sentence is the operational one.  The third sentence states, "Beginning the first day of

each month following the date of this Agreement and continuing on the first day of each month thereafter the Husband shall pay to the Wife one-half of such monthly benefit." The agreement is clear that former wife is entitled to one-half of the referenced monthly benefit, but it is unclear as to what "such monthly benefit" is. Former husband argues "such monthly benefit" refers to the specific amount of $1,497 per month which he "currently receive[d]" when the PSA was signed. Former wife argues that "such monthly benefit" refers to the payment received by former husband "from the Virginia Worker's [sic] Compensation Commission and the Fairfax County government for a lump disability-retirement payment," regardless of the amount of the payment. We agree, as did the trial court, with former wife.

Both the wording of the section and the parties' actions indicate that the intent of the parties was for former wife to receive one-half of the disability-retirement payment. The wording of the section describes the benefit as being "currently" $1,497. At the time of the divorce, the payments had remained the same for roughly nine years. Had the parties intended a fixed amount, they could have simply stated that wife would receive $750. In the alternative, the parties could have said she was to receive one-half such *amount*. Instead, the parties described the benefit and then said wife was to receive one-half *such monthly benefit*. The language therefore indicated that it was the benefit, and not the amount, that was to be divided.

Moreover, the parties' actions supported this interpretation. When husband learned that his benefit would be decreased by $300, he asked former wife to share in the decrease. The fact that former husband asked for the decrease and that former wife was willing to consider it upon production of the pay advice shows that both parties believed that wife was to receive half the benefit rather than a specific sum. Husband's reluctance to show wife how much he was receiving also indicates that he believed she would expect more if she knew his payments had increased. Finally, when former wife requested a copy of the pay advice, former husband

offered to allow her to keep the $75,000 in exchange for discontinuing the payments. We can infer that this offer was intended to keep former wife from seeking further information on his cost of living adjustments because he feared she would request half the total benefit he received.

### III. CONCLUSION

We agree with the trial court that the PSA granted former wife one-half the monthly disability-retirement benefits received by former husband. Accordingly, former husband's four assignments of error are quickly resolved. Former husband argues that the parties could not have intended the cost of living adjustments to be included in the benefit because neither party "knew of the existence of, or possibility of, such increases in the future." This argument has no merit. The agreement was for one-half the monthly benefit, whether it increased due to unexpected cost of living adjustments or decreased due to unexpected Social Security adjustments. Second, former husband argues the trial court's ruling "was contrary to Code § 20-107.3(K)(4) because" the increase was "inconsistent with the parties' express language in the [PSA]." This argument has no merit. The trial court's interpretation of the paragraph is consistent with, not contrary to, the PSA. Third, former husband argues that the trial court modified the divorce decree "more than twenty-one days after its entry," which was "contrary to the provisions of Rule 1:1." This argument has no merit. The trial court made no modification to the divorce decree. The trial court interpreted the paragraph of the existing decree in order to address former wife's motion to enforce the paragraph. See Stacy, 53 Va. App. at 43 ("[A] trial judge [is required] to examine the parties' agreement to ascertain whether the relief sought by the moving party is encompassed within the terms of the agreement." (quoting Rutledge v. Rutledge, 45 Va. App. 56, 63 (2005))).

Last, former husband argues that the trial court erred in finding the parties intended former wife to receive cost of living adjustments because she did not attempt to collect them for

more than twenty-five years. This argument has no merit. Promptly upon discovering that the retirement-disability payments had not remained fixed, former wife attempted to collect the portion of the benefit that had not been paid to her. The fact that she was not anticipating a change in the amount does not negate her entitlement to one-half of whatever the retirement-disability payment was.

Accordingly, we affirm. We grant former wife's request for attorney's fees for this appeal and remand to the trial court for determination of an appropriate award of fees.

<u>Affirmed and remanded.</u>