COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and Senior Judge Frank
Argued by teleconference

UNPUBLISHED

TIMOTHY J. EMERICK

                                                MEMORANDUM OPINION* BY
v.        Record No. 2028-19-4               JUDGE WILLIAM G. PETTY
                                                     JULY 14, 2020
CARLIE M. EMERICK


             FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                            Tracy C. Hudson, Judge

             Staci Holloway Figueroa (Sandra L. Havrilak; Julia A. Yolles;
             The Havrilak Law Firm, P.C., on briefs), for appellant.

             Camille A. Crandall (Hicks Crandall Juhl, PC, on brief), for
             appellee.


        Timothy Emerick (father) appeals the trial court's award to Carlie Emerick (mother) of

$800 per month in child-care expenses included in a child support award.  We agree the costs

were not incurred by mother; accordingly, we vacate the award and remand for recalculation.

                                       BACKGROUND

        Because this is an unpublished opinion that carries no precedential value and the parties

are fully conversant with the record, we recite only the facts relevant to our analysis.

        Mother was granted primary physical custody of the couple's three children.  She

relocated to Michigan where she now works for a local school district.  Mother enrolled two of

the children in a private school that was attended by several extended family members, including

cousins of the children.  It was not contested that mother has no work-related child-care expenses

while the children are enrolled in the private school.  It was also not contested that should mother

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

withdraw the children from private school and enroll them in public school, mother would incur $800 per month in work-related child-care costs. Mother testified that the annual private school tuition averaged over twelve months for the two children equaled slightly more than $800 per month.

The trial court found private school was not an educational necessity for the children. The trial court declined to consider if private school was in the children's best interests, leaving that decision to the parents. The trial court expressly declined to deviate from the presumptive statutory guidelines. The trial court nonetheless added $800 to the presumptive amount as work-related child care. Father objected on the basis that mother was not incurring the child-care costs and there was no evidence in the record that mother would withdraw the children from private school in the foreseeable future. Father now appeals the inclusion of $800 in the child support award.[1]

ANALYSIS

Child support decisions "typically involve fact-specific decisions best left in the 'sound discretion' of the trial court." Niblett v Niblett, 65 Va. App. 616, 625 (2015) (quoting Brandau v. Brandau, 52 Va. App. 632, 641 (2008)). "The General Assembly has included mandatory steps that a court must follow when exercising its discretion in calculating child support. As a result, the court's calculation of child support obligations is a combination of mandatory steps and broad discretion." Id. (citation omitted). "'[Where] it appears from the record that the circuit court judge has abused his discretion by not considering or by misapplying one of the statutory mandates, the child support award' is reversable on appeal." Id. (quoting Milam v. Milam, 65 Va. App. 439, 451 (2015)).

---

[1] A separate amount for child care for the youngest child is not at issue in this appeal.

In the 1980's, the United States Congress addressed the wide disparity in child support awarded by state courts. Richardson v. Richardson, 12 Va. App. 18, 20 (1991). The Congress established guidelines that factored in a child's needs and the parent's ability to pay and also "decrease[d] the disparity, which, without the guidelines, range[d] from unreasonably low to unrealistically high." Id. "In accord with the Federal law, 42 U.S.C.A. § 667(a), the Virginia General Assembly enacted a statute incorporating the guidelines. Code § 20-108.2." Id. Mirroring changes in Federal law, the General Assembly amended the statute in 1989 to require that the amount of child support determined by the guidelines be deemed a rebuttable presumption. Id. (citing 1989 Va. Acts c. 599). "Code § 20-108.2 was intended to reduce disparity in child support awards." Id. at 22.

Accordingly, Code § 20-108.2 provides a table establishing a presumptive child support award based on the combined monthly incomes of the parents. This amount is not merely a determination of a child's basic needs. By using the parents' combined income, the presumptive amount enables a child to benefit from his parents' prosperity.[2] Thus the presumptive amount

---

[2] The formula methodology, called the "income shares model," adopted by the Virginia General Assembly in developing the child support guidelines "is designed to provide the child with the proportion of parental income which he would have received had the household remained intact." 9 Dale Cecka, Lawrence Diehl, James Cottrell, Virginia Practice Series, Family Law: Theory, Practice, and Forms § 10.6, at 475 (2018 ed.) (quoting Report of the Joint Subcommittee Studying Child Support Formulas, House Document No. 34, p. 6 (1988)). Under this methodology, the

> child's portion includes spending on the child directly as well as a share of the goods and services used by the entire family. Whether parents are living together or are separated, the child is entitled to that share. The approach reflects the belief that parents have a duty to care for children to the best of their resources; this duty is dependent neither upon a successful marriage nor upon which parent has custody.

Id.

includes the cost of a child's basic needs such as schooling, clothing, and food; but it additionally includes benefits that might be afforded the child based on his parents' gross income.

The amount determined from the guidelines is presumed to be "the correct amount of child support to be awarded." Code § 20-108.2(A). "No additions or subtractions from the gross income, as defined in Code § 20-108.2(C), even if otherwise valid considerations, may be made *before* this figure is determined." Richardson, 12 Va. App. at 21. After the presumptive amount is determined from the table in Code § 20-108.2(B), the code section permits the court to add to the presumptive amount "costs for health care coverage," Code § 20-108.2(E), and "[a]ny child-care costs incurred on behalf of the child or children due to employment of the custodial parent" provided the costs do "not exceed the amount required to provide quality care from a licensed source," Code § 20-108.2(F). Any other "[d]eviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate." Richardson, 12 Va. App. at 21.

Here, the trial court determined the presumptive amount of child support based on the parents' combined monthly income of approximately $22,000. Having determined the presumptive amount, the court could only add amounts for health care coverage (not at issue here) and for work-related child-care costs incurred by mother as the custodial parent, Code § 20-108.2(F). It is uncontested here that mother incurred no work-related child-care costs. There was no evidence in the record that mother paid for extracurricular child care at the private school, that she incurred before-school or after-school care costs elsewhere, or that she would imminently enroll the children in public school and thereby incur those costs. Rather, the $800 award sought by mother was the amount mother *saved* in child-care costs because relatives could provide after-school care if her children were enrolled in the private school.

Simply put, the private school tuition was not a child-care expense; the trial court therefore erred in adding that expense to the presumptive child support amount pursuant to Code § 20-108.2(F). In these circumstances, the private school tuition could be awarded only if the court supported the deviation by written findings that the presumptive amount is "unjust or inappropriate in [this] particular case as determined by relevant evidence pertaining to the factors set out in [Code] § 20-108.1." Code § 20-108.2. The trial court expressly declined to deviate from the presumptive amount. It was therefore error to include the $800 award.[3]

Father also argues that the trial court erred in awarding mother attorney fees. We review a trial court's award of attorney fees for abuse of discretion. Allen v. Allen, 66 Va. App. 586, 601 (2016).

In a domestic relations case, Code § 20-99(6) provides that attorney fees and "[c]osts may be awarded to either party as equity and justice may require." While "there is no prevailing-party entitlement to fees" in domestic relations cases, Allen, 66 Va. App. at 601, which party prevailed may be a circumstance in determining equity and justice. Thus, "after considering 'the circumstances of the parties' and 'the equities of the entire case,' a trial court may exercise its discretion and issue an award of attorney's fees and costs that is reasonable 'under all of the circumstances revealed by the record.'" Id. at 601-02 (quoting Mayer v. Corso-Mayer, 62 Va. App. 713, 734 (2014)).

Here the court allocated the combined attorney's fees according to the income ratio. The court did not abuse its discretion by awarding fees in this manner. However, although "prevailing party" was not a required basis for allocation of attorney fees, the record does not

---

[3] Of course, nothing would preclude mother from requesting the trial court to revisit the amount of child support in the event the children were withdrawn from private school and she actually incurs child-care expenses.

indicate if the trial court considered it as a factor. Because we reverse, thereby making father rather than mother the prevailing party, we will vacate the attorney fee award and remand so that the trial court may reconsider the award, if any, of attorney fees.

Both parties request an award of attorney fees and costs incurred in this appeal. We decline to award such fees and costs to either party.

CONCLUSION

The trial court erred in including in the child support award an $800 amount for child-care costs when no such expense had been incurred. We remand for rehearing and recalculation of the child support award and reconsideration of attorney fees.

<u>Reversed and remanded.</u>